IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Mobley,                      :

        Petitioner,        :  Case No. 2:09-cv-638

   v.                              :

Warden London Correctional         :  JUDGE WATSON
Institution, et al.,

        Respondents.       :

ORDER

    Plaintiff, a state prisoner, originally submitted a request to file this action in forma pauperis. The Court instructed him to submit a signed cashier's statement from his institution, and he has now done so. He also paid a $5.00 fee. The Court subsequently determined that this action is not a habeas corpus petition to which the $5.00 filing fee applies and it assessed Mr. Mobley the balance of the standard filing fee, which was $345.00. He paid the fee on November 16, 2009.

    28 U.S.C. §1915A(a) provides that the court "shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) sets forth grounds upon which such a complaint shall be dismissed, including that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2) makes it clear that these grounds for dismissal must be evaluated "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid ...." Consequently, even though Mr. Mobley has now paid the full filing fee, the Court must screen the

complaint before ordering that any of the defendants be served with process, or allowing Mr. Mobley to effect such service.

The Court begins by noting that the complaint in this case - which, with the attached exhibits, is some 68 pages in length - is not the type of "short and plain statement of the claim" which is required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. It contains two separate form civil rights complaints, each of which sets forth a number of things which allegedly happened, and each of which concludes by asking the Court to review the copies of the grievances Mr. Mobley filed about these events in order to "determine ... if the documents show[] violations." After the original complaint was filed, Mr. Mobley filed another document (#12) which contains additional copies of grievance forms. His complaints, for the most part, simply repeat what is in the grievances, most of which have to do with such things as Mr. Mobley's being woken up by prison guards in a manner he did not like, being harassed or threatened by prison officials, being written allegedly false conduct reports, or being reclassified as a kitchen helper. He does, however, appear to raise some issues about his medical treatment and about the way in which his inmate account has been handled. His complaints span a time frame from roughly December of 2007 to the present.

Simply put, the documents submitted by Mr. Mobley do not constitute a proper complaint. It is similar to the complaint that was dismissed by the court in Bolling v. Hayman, 2008 WL 3843515, *1 (D.N.J. August 14, 2008), where the court dismissed (but permitted the plaintiff to amend and refile) a complaint that was "33 pages long, with 68 pages of attachments," which named ten different defendants, and which "charges defendants with numerous unrelated violations ...." Although the Court is required to apply Rule 8's pleading standards liberally to *pro se*

complaints, see Erickson v. Pardus, 551 U.S. 89 (2007), a complaint still must be sufficiently clear to give the defendants fair notice of the plaintiff's claims and the grounds for those claims. See Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 555 (2007). Consequently, it is the plaintiff's job, and not the Court's, to sift through his various grievances and both to decide, and plead with some level of specificity, what claims he intends to assert against what defendants, and to give any defendant named in the complaint fair notice of why he is being sued. The format Mr. Mobley has chosen for his complaint does not do that.

That having been said, it is clear that a number of the things about which he complains would not, even if pleaded clearly, support a civil rights claim. For example, many of his complaints deal with alleged threats, harassment, or similar types of behavior on the part of prison employees. But verbal threats and harassment within the prison setting do not violate the Constitution. See Barnett v. Luttrell, 2008 WL 4527975 (W.D. Tenn. October 6, 2008), citing, inter alia, Wilson v. Seiter, 501 U.S. 294 (1991); see also Davis v. Strickland, 2009 WL 2047891 (S.D. Ohio July 7, 2009), citing Hartsfield v. Mayer, 1996 WL 43541 (6th Cir. February 1, 1996). Further, 42 U.S.C. §1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Thus, Mr. Mobley's complaints about verbal matters not resulting in physical injury are simply not a proper subject of a federal civil action.

For all of these reasons, Mr. Mobley's complaint, as it stands, is a deficient pleading. However, there may be kernels of actionable claims within it, particularly as it relates to

issues of medical care or alleged misappropriation of his funds. Consequently, he is granted leave to file an amended complaint within 28 days which pleads one or more proper claims under 42 U.S.C. §1983.  Each claim must identify what acts Mr. Mobley believes to have violated his constitutional rights and which defendants he believes are responsible for those acts.  If he does not comply with this order, the case will be dismissed.


                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge