

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Mobley,

    Plaintiff,

v.

    Case No. 2:09–cv–638

Warden London Correctional
Institution, et al.,

    Judge Michael H. Watson

    Defendants.

## ORDER

This case is before the Court on plaintiff James Mobley's motion for reconsideration of the order granting the motion to dismiss filed by defendants Jeff Noble, Stanley Taylor, Deborah Timmerman-Cooper, and DeCarlo Blackwell for failure to state a claim upon which relief can be granted. The defendants did not respond to the plaintiff's motion. For the following reasons, the motion for reconsideration (Doc. 30) is denied.

## I. BACKGROUND

Mr. Mobley is a state prisoner currently incarcerated at the London Correctional Institution ("LoCI") in London, Ohio. Defendants Noble, Taylor, Timmerman-Cooper, and Blackwell (the "LoCI defendants") are employed at LoCI. Mr. Mobley filed an amended complaint on March 4, 2010. Counts two and three of the amended complaint are directed to the LoCI defendants. Mr. Mobley alleges in count two that certain funds comprised of disability payments were wrongfully diverted from his prison account in

order to pay court costs. In count three, he claims that on multiple occasions security response teams comprised of corrections officers from various Ohio penal institutions and K-9 units conducted mass searches of inmates and their cells at LoCI. During these sweeps, the teams allegedly employed body cavity searches and destroyed inmates' personal property. Mr. Mobley maintains that these actions violated his constitutional rights.

The LoCI defendants moved to dismiss the claims against them for failure to state a claim upon which relief can be granted. They contended that the amended complaint did not allege that they were personally involved in the alleged constitutional violations and that liability under 42 U.S.C. § 1983 may not be imposed under a theory of *respondeat superior*. On June 4, 2010, the Magistrate Judge recommended that the LoCI defendants' motion to dismiss be granted. The June 4, 2010 Report and Recommendation specifically informed the parties of their right to file objections to the proposed disposition within fourteen (14) days and that their failure to object would result in a waiver of both the right to have a *de novo* review and the right to appeal this Court's decision. (*See* Report and Recommendation (Doc. 25) 9.) No objections were filed. On July 6, 2010, this Court adopted the Report and Recommendation and granted the LoCI defendants' motion to dismiss.

## II. LEGAL STANDARD

The motion for reconsideration does not cite to any Federal Rule of Civil Procedure as authority. However, as the United States Supreme Court observed in *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983), "every order short of a final decree is subject to reopening at the discretion of the district judge."

The Sixth Circuit Court of Appeals has made similar observations. District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47–48 (1943). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922)).

Although Fed. R. Civ. P. 59(e) does not supply the power nor the standard for deciding whether to reconsider an interlocutory order, courts have generally applied criteria that respect the need to grant some measure of finality even to interlocutory orders and which discourage the filing of endless motions for reconsideration. As the Sixth Circuit has explained, "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." In re Saffady, 524 F.3d 799, 803 (6th Cir. 2008) (citing *Mallory*, 922 F.2d at 1282 (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48, (1943)); *see also Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 Fed.Appx. 942 (6th Cir.2004) (quoting *Mallory*, 922 F.2d at 1282)). Thus, as observed in *Rottmund v. Continental Assur. Co.*, 813 F.Supp. 1104, 1107 (E.D. Pa. 1992), "[a] federal district court has inherent power over interlocutory orders and may modify, vacate, or set aside these orders 'when it is consonant with justice to do so.' *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir.1973). Because of the interest in finality, however, courts should grant motions for reconsideration sparingly." *Rottmund*, 813 F.Supp. at 1107. The Court will therefore consider the motion for reconsideration to determine whether it is "consonant with justice" to grant the requested relief, and will grant relief only if the prior decision

appears clearly to be legally or factually erroneous.

### III. LAW AND ANALYSIS

Mr. Mobley appears to argue that his naming supervisors as defendants was appropriate in light of the instructions for completing the informal complaint forms. At the top, the form states that the inmate will forward two copies of the complaint to the supervisor of the staff person or department most responsible for the grievance. The instructions further provide that the lower portion of the form, indicating the action taken in response to the complaint, is to be completed by the supervisor.

Mr. Mobley does not explain why these two references led him to conclude that the supervisors who received the copies and/or resolved his informal complaints were proper defendants regardless of whether they participated in the alleged unconstitutional conduct. It may stem from a misunderstanding of the Sixth Circuit's former mandate that a defendant must have been named in the applicable grievance to satisfy the exhaustion requirement of the Prison Litigation Reform Act. *See, e.g., Burton v. Jones,* 321 F.3d 569 (6th Cir. 2003), *abrogated by Jones v. Bock,* 549 U.S. 199 (2007). The Court notes that the corollary was never true; simply because a person is identified in the grievance does not mean that he or she must be named in the complaint. In any event, Mr. Mobley has not shown that the decision granting the LoCI defendants' motion to dismiss was either legally or factually incorrect.

Mr. Mobley also reiterates his contention that his prison account was exempt from any deductions for legal matters. When he filed an informal complaint regarding the deductions, it was handled by defendant Noble, the prison cashier's supervisor. Mr. Mobley argues that by stating that plaintiff's prison account was not exempt and that the

monthly deductions for court costs would continue, defendant Noble accepted full responsibility for the alleged constitutional violation.

Assuming that defendant Noble was directly involved in the decision to deduct court costs from plaintiff's prison account, Mr. Noble still cannot state a due process claim. While inmates have a property interest in their prison accounts, they are not absolutely deprived of the use of their funds when those funds are applied to court filing fees since the funds are thereby being used for their benefit. *Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997). Moreover, even if Mr. Mobley's allegations could establish a due process claim for the unauthorized, intentional deprivation of his property, his claim would lack merit due to his failure to allege that his state post-deprivation remedies were inadequate. *Gallagher v. Lane*, 75 Fed.Appx. 440, 441–42 (6th Cir. 2003).

Lastly, Mr. Mobley asks this Court to conduct a *de novo* review of the Magistrate Judge's recommended disposition of the LoCI defendants' motion to dismiss. The Court previously adopted the Report and Recommendation and granted the motion to dismiss for failure to state a claim. The Court has now reviewed the order of dismissal under the appropriate standard for reconsidering interlocutory orders. Mr. Mobley is entitled to nothing more because he waived his right to *de novo* review when he failed to file timely objections to the Report and Recommendation. *See Priest v. Hudson*, 655 F. Supp. 2d 808, 815 (N.D. Ohio 2009) (failure to timely file written objections to magistrate judge's report and recommendation constitutes waiver of *de novo* determination by district court of any issue covered in report).

## IV. DISPOSITION

Based on the foregoing reasons, the Court concludes that vacating the order granting the LoCI defendants' motion to dismiss would not be consonant with justice. Accordingly, Mr. Mobley's motion for reconsideration (Doc. 30) is **DENIED**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**